### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| LAYUNICE CONFER, | ) | |
| | ) | 2018L002836 |
| Plaintiff, | ) | CALENDAR/ROOM E |
| | ) | TIME 00:00 |
| vs. | ) | No. Premises Liability |
| | ) | |
| RPAI US MANAGEMENT, LLC a foreign | ) | |
| limited liability company, NEW ALBERTSON'S, | ) | |
| INC., a foreign corporation, d/b/a JEWEL-OSCO, | ) | |
| and JEWEL FOOD STORES, INC., a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Plaintiff, Layunice Confer, by and through her attorneys, The Romaker Law Firm, complaining of the defendants, RPAI US Management LLC, a foreign limited liability company, New Albertson's Inc., a foreign corporation, d/b/a Jewel-Osco, and Jewel Food Stores, Inc., a foreign corporation, alleges as follows:

### COUNT- I
### (Negligence - RPAI US Management LLC)

Plaintiff, Layunice Confer, complaining of defendant, RPAI US Management LLC, states as follows:

1. Plaintiff is a natural person and a resident of the County of Cook, State of Illinois.

2. Defendant, RPAI US Management LLC, ("RPAI") is a foreign limited liability company qualified and authorized to transact and to do business in the State of Illinois.

3. On March 17, 2016 and for a long time prior thereto, defendant, RPAI, owned, operated, managed, controlled and maintained certain premises commonly known as 1220 South Ashland Avenue in the City of Chicago, County of Cook, State of Illinois.

EXHIBIT A

4.     The premises are improved with a building that houses several businesses and a parking lot containing business access lanes, parking slots, traffic control signs and parking control signs.

5.     On March 17, 2016 and for a long time prior thereto defendant, RPAI, was in possession and control of said real property and managed, operated, controlled, and maintained the parking lot thereon, including the business access lanes, parking slots, traffic control signs and parking control signs, in the City of Chicago, County of Cook, State of Illinois.

6.     On March 17, 2016 and for a long time prior thereto defendant, RPAI, advertised, informed, permitted and invited the use of the aforesaid parking lot, building access lanes and parking slots by the defendant's business invitees and the business invitees of the defendant's tenants.

7.     On March 17, 2016 plaintiff, Layunice Confer, left the Jewel-Osco store located at 1220 South Ashland Avenue, Chicago, Illinois, and walked on the parking lot building access lanes toward her car which was parked in a handicapped parking slot when she tripped and fell on a part of a metal signage pole that was protruding from the pavement.

8.     At all times pertinent, plaintiff, Layunice Confer, was lawfully on the defendant's premises.

9.     At all times pertinent, plaintiff, Layunice Confer, was in the exercise of ordinary care for the safety of her person and property.

10.    The part of a metal signage pole protruding from the pavement on defendant, RPAI's, parking lot was there for a sufficient period of time to give defendant, RPAI, notice of the dangerous and defective condition of its premises.

2

11.     At the time and place aforesaid, defendant, RPAI, knew or should have known that said part of a metal signage pole protruding from the pavement was upon its parking lot.

12.     At the time and place aforesaid, it was the duty of the defendant, RPAI, to exercise ordinary care for the safety of the plaintiff.

13.     Notwithstanding its duty as aforesaid, defendant, RPAI, was then and there guilty of one or more of the following careless and negligent acts or omissions:

(a)     Carelessly and negligently failed to repair said metal signage pole;

(b)     Carelessly and negligently allowed a part of a metal signage pole to remain unrepaired on said parking lot;

(c)     Carelessly and negligently failed to remove the part of the metal signage pole protruding from the pavement of its parking lot so as to prevent injury to the public, including the plaintiff;

(d)     Carelessly and negligently failed to barricade, fence, cordon off or otherwise protect the public, including the plaintiff, from the condition of disrepair of said metal signage pole and parking lot;

(e)     Carelessly and negligently failed to post signs or other devices to warn pedestrians, including the plaintiff, of the presence of the dangerous condition of the premises;

(f)     Carelessly and negligently allowed the aforementioned defective condition to remain on said parking lot for an unreasonable length of time when it knew or should have known of the existence of said condition;

(g)     Carelessly and negligently failed to sufficiently inspect its parking lot to identify and repair any defective conditions that presented or could have presented dangers to its customers, including the plaintiff;

(h)     Carelessly and negligently inspected its parking lot and failed to identify and repair any defective conditions that presented or could have presented dangers to its customers, including the plaintiff;

(i)     Carelessly and negligently failed to maintain its premises in a reasonably safe condition.

14.     As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions of the defendant, RPAI, the plaintiff, Layunice Confer, sustained injuries of a personal and pecuniary nature.

**WHEREFORE**, plaintiff, Layunice Confer, prays that this Honorable Court enter judgment in her favor and against defendant, RPAI US Management LLC, a foreign limited liability company, in an amount in excess of Fifty-Thousand Dollars ($50,000.00) plus the costs of this suit.

<u>**COUNT- II**</u>
**(Premises Liability - RPAI US Management LLC)**

Plaintiff, Layunice Confer, complaining of defendant, RPAI US Management LLC, states as follows:

1. - 12.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 12 of Count I as paragraphs 1 through 12 of Count II as though set forth verbatim herein.

13.     At all times pertinent, it was the duty of defendant, RPAI, as owner, manager and occupant of said premises, to exercise ordinary care to see that its property was reasonably safe for the use of those lawfully on the premises, including the plaintiff.

14.     Notwithstanding its duty as aforesaid, defendant, RPAI, was then and there guilty of one or more of the following careless and negligent acts or omissions:

    (a)     Carelessly and negligently failed to repair said metal signage pole;

    (b)     Carelessly and negligently allowed a part of a metal signage pole to remain unrepaired on said parking lot;

    (c)     Carelessly and negligently failed to remove the part of the metal signage pole protruding from the pavement of its parking lot so as to prevent injury to the public, including the plaintiff;

(d)     Carelessly and negligently failed to barricade, fence, cordon off or otherwise protect the public, including the plaintiff, from the condition of disrepair of said metal signage pole and parking lot;

(e)     Carelessly and negligently failed to post signs or other devices to warn pedestrians, including the plaintiff, of the presence of the dangerous condition of the premises;

(f)     Carelessly and negligently allowed the aforementioned defective condition to remain on said parking lot for an unreasonable length of time when it knew or should have known of the existence of said condition;

(g)     Carelessly and negligently failed to sufficiently inspect its parking lot to identify and repair any defective conditions that presented or could have presented dangers to its customers, including the plaintiff;

(h)     Carelessly and negligently inspected its parking lot and failed to identify and repair any defective conditions that presented or could have presented dangers to its customers, including the plaintiff;

(i)     Carelessly and negligently failed to maintain its premises in a reasonably safe condition.

15.     As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions of the defendant, RPAI, the plaintiff, Layunice Confer, sustained injuries of a personal and pecuniary nature.

**WHEREFORE**, plaintiff, Layunice Confer, prays that this Honorable Court enter judgment in her favor and against defendant, RPAI US Management LLC, a foreign limited liability company, in an amount in excess of Fifty-Thousand Dollars ($50,000.00) plus the costs of this suit.

<u>**COUNT- III**</u>
**(Negligence – Jewel-Osco)**

Plaintiff, Layunice Confer, complaining of defendant, Jewel-Osco, states as follows:

1.     Plaintiff is a natural person and a resident of the County of Cook, State of Illinois.

2.     Defendant, New Albertson's, Inc., d/b/a Jewel-Osco ("Jewel-Osco"), is a foreign corporation, qualified and authorized to transact and to do business in the State of Illinois.

3. On March 17, 2016 and for a long time prior thereto, defendant, Jewel-Osco, owned, operated, managed, maintained, and controlled a retail store and a parking lot on certain premises located at 1220 North Ashland Avenue, in the City of Chicago, County of Cook, State of Illinois.

4. On March 17, 2016 and for a long time prior thereto defendant, Jewel-Osco, operated, managed, maintained and controlled the aforesaid parking lot, including the building access lanes, parking slots, traffic signage and parking signage of said parking lot.

5. On March 17, 2016 and for a long time prior thereto defendant, Jewel-Osco, advertised, informed, permitted and invited the use of the aforesaid parking lot, the building access lanes and the parking slots by defendant's business invitees.

6. On March 17, 2016 plaintiff, Layunice Confer, left the Jewel-Osco store located at 1220 South Ashland Avenue, Chicago, Illinois, and walked on the parking lot building access lanes toward her car which was parked in a handicapped parking slot when she tripped and fell on a part of a metal signage pole that was protruding from the pavement.

7. At all times pertinent, plaintiff, Layunice Confer, was lawfully on the defendant's premises.

8. At all times pertinent, plaintiff, Layunice Confer, was in the exercise of ordinary care for the safety of her person and property.

9. The part of a metal signage pole protruding from the pavement on defendant, Jewel-Osco's, parking lot was there for a sufficient period of time to give defendant, Jewel-Osco, notice of the dangerous and defective condition of its premises.

6

10.     At the time and place aforesaid, defendant, Jewel-Osco, knew or should have known that said part of a metal signage pole protruding from the pavement was upon its parking lot.

11.     At the time and place aforesaid, it was the duty of the defendant, Jewel-Osco, to exercise ordinary care for the safety of the plaintiff.

12.     Notwithstanding its duty as aforesaid, defendant, Jewel-Osco, was then and there guilty of one or more of the following careless and negligent acts or omissions:

(a)     Carelessly and negligently failed to repair said metal signage pole;

(b)     Carelessly and negligently allowed a part of a metal signage pole to remain unrepaired on said parking lot;

(c)     Carelessly and negligently failed to remove the part of the metal signage pole protruding from the pavement of its parking lot so as to prevent injury to the public, including the plaintiff;

(d)     Carelessly and negligently failed to barricade, fence, cordon off or otherwise protect the public, including the plaintiff, from the condition of disrepair of said metal signage pole and parking lot;

(e)     Carelessly and negligently failed to post signs or other devices to warn pedestrians, including the plaintiff, of the presence of the dangerous condition of the premises;

(f)     Carelessly and negligently allowed the aforementioned defective condition to remain on said parking lot for an unreasonable length of time when it knew or should have known of the existence of said condition;

(g)     Carelessly and negligently failed to sufficiently inspect its parking lot to identify and repair any defective conditions that presented or could have presented dangers to its customers, including the plaintiff;

(h)     Carelessly and negligently inspected its parking lot and failed to identify and repair any defective conditions that presented or could have presented dangers to its customers, including the plaintiff;

(i)     Carelessly and negligently failed to maintain its premises in a reasonably safe condition.

13.    As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions of the defendant, Jewel-Osco, the plaintiff, Layunice Confer, sustained injuries of a personal and pecuniary nature.

**WHEREFORE**, plaintiff, Layunice Confer, prays that this Honorable Court enter judgment in her favor and against defendant, New Albertson's Inc., a foreign corporation, d/b/a Jewel-Osco, in an amount in excess of Fifty-Thousand Dollars ($50,000.00) plus the costs of this suit.

## COUNT- IV
### (Premises Liability – Jewel-Osco)

Plaintiff, Layunice Confer, complaining of defendant, Jewel-Osco, states as follows:

1. - 11.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 11 of Count III as paragraphs 1 through 11 of Count IV as though set forth verbatim herein.

12.    At all times pertinent, it was the duty of defendant, Jewel-Osco, as owner, manager and occupant of said premises, to exercise ordinary care to see that its property was reasonably safe for the use of those lawfully on the premises, including the plaintiff.

13.    Notwithstanding its duty as aforesaid, defendant, Jewel-Osco, was then and there guilty of one or more of the following careless and negligent acts or omissions:

(a)    Carelessly and negligently failed to repair said metal signage pole;

(b)    Carelessly and negligently allowed a part of a metal signage pole to remain unrepaired on said parking lot;

(c)    Carelessly and negligently failed to remove the part of the metal signage pole protruding from the pavement of its parking lot so as to prevent injury to the public, including the plaintiff;

(d)    Carelessly and negligently failed to barricade, fence, cordon off or otherwise protect the public, including the plaintiff, from the condition of disrepair of said metal signage pole and parking lot;

8

(e) Carelessly and negligently failed to post signs or other devices to warn pedestrians, including the plaintiff, of the presence of the dangerous condition of the premises;

(f) Carelessly and negligently allowed the aforementioned defective condition to remain on said parking lot for an unreasonable length of time when it knew or should have known of the existence of said condition;

(g) Carelessly and negligently failed to sufficiently inspect its parking lot to identify and repair any defective conditions that presented or could have presented dangers to its customers, including the plaintiff;

(h) Carelessly and negligently inspected its parking lot and failed to identify and repair any defective conditions that presented or could have presented dangers to its customers, including the plaintiff;

(i) Carelessly and negligently failed to maintain its premises in a reasonably safe condition.

14. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions of the defendant, Jewel Osco, the plaintiff, Layunice Confer, sustained injuries of a personal and pecuniary nature.

**WHEREFORE**, plaintiff, Layunice Confer, prays that this Honorable Court enter judgment in her favor and against defendant, New Albertson's Inc., a foreign corporation, d/b/a Jewel-Osco, in an amount in excess of Fifty-Thousand Dollars ($50,000.00) plus the costs of this suit.

<u>COUNT- V</u>
(Negligence – Jewel Food Stores)

Plaintiff, Layunice Confer, pleading in the alternative and complaining of defendant, Jewel Food Stores, states as follows:

1. Plaintiff is a natural person and a resident of the County of Cook, State of Illinois.

2. Defendant, Jewel Food Stores, Inc., a foreign corporation, ("Jewel Food Stores"), is a foreign corporation, qualified and authorized to transact and to do business in the State of Illinois.

9

3.      On March 17, 2016 and for a long time prior thereto, defendant, Jewel Food Stores, owned, operated, managed, maintained, and controlled a retail store and a parking lot on certain premises located at 1220 North Ashland Avenue, in the City of Chicago, County of Cook, State of Illinois.

4.      On March 17, 2016 and for a long time prior thereto defendant, Jewel Food Stores, operated, managed, maintained and controlled the aforesaid parking lot, including the building access lanes, parking slots, traffic signage and parking signage of said parking lot.

5.      On March 17, 2016 and for a long time prior thereto defendant, Jewel Food Stores, advertised, informed, permitted and invited the use of the aforesaid parking lot, the building access lanes and the parking slots by defendant's business invitees.

6.      On March 17, 2016 plaintiff, Layunice Confer, left the Jewel Food Stores store located at 1220 South Ashland Avenue, Chicago, Illinois, and walked on the parking lot building access lanes toward her car which was parked in a handicapped parking slot when she tripped and fell on a part of a metal signage pole that was protruding from the pavement.

7.      At all times pertinent, plaintiff, Layunice Confer, was lawfully on the defendant's premises.

8.      At all times pertinent, plaintiff, Layunice Confer, was in the exercise of ordinary care for the safety of her person and property.

9.      The part of a metal signage pole protruding from the pavement on defendant, Jewel Food Stores', parking lot was there for a sufficient period of time to give defendant, Jewel Food Stores, notice of the dangerous and defective condition of its premises.

10.     At the time and place aforesaid, defendant, Jewel Food Stores, knew or should have known that said part of a metal signage pole protruding from the pavement was upon its parking lot.

11.     At the time and place aforesaid, it was the duty of the defendant, Jewel Food Stores, to exercise ordinary care for the safety of the plaintiff.

12.     Notwithstanding its duty as aforesaid, defendant, Jewel Food Stores, was then and there guilty of one or more of the following careless and negligent acts or omissions:

(a)     Carelessly and negligently failed to repair said metal signage pole;

(b)     Carelessly and negligently allowed a part of a metal signage pole to remain unrepaired on said parking lot;

(c)     Carelessly and negligently failed to remove the part of the metal signage pole protruding from the pavement of its parking lot so as to prevent injury to the public, including the plaintiff;

(d)     Carelessly and negligently failed to barricade, fence, cordon off or otherwise protect the public, including the plaintiff, from the condition of disrepair of said metal signage pole and parking lot;

(e)     Carelessly and negligently failed to post signs or other devices to warn pedestrians, including the plaintiff, of the presence of the dangerous condition of the premises;

(f)     Carelessly and negligently allowed the aforementioned defective condition to remain on said parking lot for an unreasonable length of time when it knew or should have known of the existence of said condition;

(g)     Carelessly and negligently failed to sufficiently inspect its parking lot to identify and repair any defective conditions that presented or could have presented dangers to its customers, including the plaintiff;

(h)     Carelessly and negligently inspected its parking lot and failed to identify and repair any defective conditions that presented or could have presented dangers to its customers, including the plaintiff;

(i)     Carelessly and negligently failed to maintain its premises in a reasonably safe condition.

13.    As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions of the defendant, Jewel Food Stores, the plaintiff, Layunice Confer, sustained injuries of a personal and pecuniary nature.

**WHEREFORE**, plaintiff, Layunice Confer, prays that this Honorable Court enter judgment in her favor and against defendant, Jewel Food Stores, Inc., a foreign corporation, in an amount in excess of Fifty-Thousand Dollars ($50,000.00) plus the costs of this suit.

<u>COUNT- VI</u>
**(Premises Liability – Jewel Food Stores)**

Plaintiff, Layunice Confer, pleading in the alternative and complaining of defendant, Jewel Food Stores, states as follows:

1. - 11.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 11 of Count V as paragraphs 1 through 11 of Count VI as though set forth verbatim herein.

12.    At all times pertinent, it was the duty of defendant, Jewel Food Stores, as owner, manager and occupant of said premises, to exercise ordinary care to see that its property was reasonably safe for the use of those lawfully on the premises, including the plaintiff.

13.    Notwithstanding its duty as aforesaid, defendant, Jewel Food Stores, was then and there guilty of one or more of the following careless and negligent acts or omissions:

(a)    Carelessly and negligently failed to repair said metal signage pole;

(b)    Carelessly and negligently allowed a part of a metal signage pole to remain unrepaired on said parking lot;

(c)    Carelessly and negligently failed to remove the part of the metal signage pole protruding from the pavement of its parking lot so as to prevent injury to the public, including the plaintiff;

(d)    Carelessly and negligently failed to barricade, fence, cordon off or otherwise protect the public, including the plaintiff, from the condition of disrepair of said metal signage pole and parking lot;

(e)     Carelessly and negligently failed to post signs or other devices to warn pedestrians, including the plaintiff, of the presence of the dangerous condition of the premises;

(f)     Carelessly and negligently allowed the aforementioned defective condition to remain on said parking lot for an unreasonable length of time when it knew or should have known of the existence of said condition;

(g)     Carelessly and negligently failed to sufficiently inspect its parking lot to identify and repair any defective conditions that presented or could have presented dangers to its customers, including the plaintiff;

(h)     Carelessly and negligently inspected its parking lot and failed to identify and repair any defective conditions that presented or could have presented dangers to its customers, including the plaintiff;

(i)     Carelessly and negligently failed to maintain its premises in a reasonably safe condition.

14.     As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions of the defendant, Jewel Food Stores, the plaintiff, Layunice Confer, sustained injuries of a personal and pecuniary nature.

**WHEREFORE**, plaintiff, Layunice Confer, prays that this Honorable Court enter judgment in her favor and against defendant, Jewel Food Stores, Inc., a foreign corporation, in an amount in excess of Fifty-Thousand Dollars ($50,000.00) plus the costs of this suit.

LAYUNICE CONFER,

By:_____
        Charles P. Romaker

Charles P. Romaker
Fernando M. Bustamante
**The Romaker Law Firm**
211 West Wacker Drive – Suite 1450
Chicago, Illinois 60606
312.377.7000
Attorney No. 29529
fbustamante@romakerlaw.com

13